The opinion of the court was delivered by
Watkins, J.
As the holder of two ’judgments against Widow Galliger, née Amelia Keller, and subsequently Widow Webb, duly re *153 corded and regularly reinscribed, plaintiff institutes this suit against Payne, holder of certain special mortgages against same party, previously recorded, and likewise regularly reinscribed, for the cancellation of same as being null and void.
The ground assigned for this nullity is, that in 1874, Payne sued his^ mortgage notes to judgment, and therein obtained a recognition of Ms special mortgages, and that said notes and mortgages became merged in said judgment, and had, thereafter, no separate existence. That this judgment was recorded in the book of mortgages in 1877, and the mortgage has not been preserved by proper reinscriptions since, and is therefore perempted; and the judgment, not having been revived by suit timely instituted, has become extinguished by prescription.
The facts are briefly as follows, viz :
Plaintiff is the holder of two judicial mortgages against Widow Galliger properly recorded and regularly reinscribed. Payne was the holder of several conventional mortgages against the same debtor, recorded previously, and from time to time likewise regularly reinscribed. In 1874 fhe latter obtained a personal judgment against his debtor on her several promissory notes, and a recognition of his conventional mortgages as securing the payment thereof. This judgment embodies a full and comprehensive statement of the recognized mortgages, as well as a description of the mortgaged property. The judgment was recorded in the book of mortgages in 1877, and that inscription has not been since renewed by proper re-inscription. No suit for the revival of the judgment has been instituted, but various acts, transactions and judicial decrees have, from time to time, otherwise interrupted the current of prescription against it, whereby it has remained in full force and efficacy.
The District Judge was of the opinion and held that the judgment had been kept alive and was in full vigor, but that the mortgage had ceased to have effect as to third persons for want of proper reinscription ; and that the original, special mortgages were merged in the judgment, and thereafter ceased to have any separate existence, and therefore the reinscription of them was without any effect whatever. On the latter question our learned brother expressed himself as entertaining a contrary view, and, in rendering judgment, only yielded Ms convictions to what he deemed to be the weight of supe-rior judicial authority. He carefully stated Ms views as derived *154 from decisions of this court in an elaborate opinion of marked ability, in which numerous adjudicated cases are collated and compared.
As we understand plaintiff’s counsel, his contention is, that, while it is the settled jurisprudence of this court that the prescription of a judgment may be interrupted by other means than a suit to revive, only parties to the record can be affected by such interruption en pais.
The judge a quo gave judgment against defendants, ordering the clerk to cancel the various conflicting and antecedent inscriptions of Payne’s special mortgages, and they have appealed.
I.
On the proposition last referred to, little is necessary to be said. In neither the law nor jurisprudence can we find any sanction for the stated contention of plaintiff’s counsel.
In Succession of Patrick, 80 An. 1071, our predecessors held that “ the peculiar statutory action” authorized by R. O. O. 8547, providing for the revival of judgments by suit, must not be confounded with other precepts of the Oode on the subject of legal interruption of the prescription of debts, which are likewise applicable to judgments. The doctrine announced in that case was affirmed by this court in Calhoun vs. Levy, 83 An. 1296, and in Levy vs. Calhoun, 34 An. 413, as well as in other cases.
Hence we conceive the argument in favor of the binding force of a judgment, the prescription of which has been legally interrupted as to third persons, is just as strong as that of a judgment of revival. Either mode rehabilitates the judgment and keeps it 'alive. If kept alive for one purpose, it is for another.
II.
The main question is, whether a judgment in personam, on the mortgage notes, recognizing and enforcing the mortgage, as against the debtor and mortgagor, operates a merger of the notes and mortgage in the judgment, so as to necessitate the registry of that decree in the book of mortgages, and its subsequent reinscription, in order to preserve the effect of the mortgage as to third persons and other mortgagees. Has a conventional mortgage any separate and independent existence, after the rendition of a judgment via ordinaria recognizing it? Subsequent to the rendition of such judgment, will the reinscription *155 of the original act of conventional mortgage have the effect of preserving its effect and rank as to third persons?
As supporting his judgment, the judge a quo cited the following cases, viz:
McRae vs. Cairns, 2 N. S. 599; Oaky vs. Murphy, 1 An. 372; Smalley vs. His Creditors, 3 An. 388; Bordelais vs. Maugars, 3 An. 375; Hair vs. McDade, 10 An. 534; Railroad Company vs. Thornton, 12 An. 736; Sturgis vs. Sheriff, 14 An. 227; Dennistown vs. Payne, 7 An. 334; Succession of Baily vs. Baily, 12 An. 565.
In all of those cases it was held that a judgment on notes, drafts or other evidences of debt, had the effect, of merging the latter into the former, so that they ceased to evidence the debt altogether, and. the judgment became the sole proof of its existence; but only in the last two of those decisions was it held that mortgages as well as notes ■ were so merged; and in those cases there were no questions of the rank of competing mortgages, or of their appropriate inscription, and reinseription of mortgages, so as to affect third persons with notice. But without any discussion, the court, in those two cases, contented itself with the expression of opinion to the affect that the mortgages as well as the notes become merged in a judgment.
We have frequently held that debts and obligations are not created by judgments of court, but only recognized by them- and rendered executory; that they confer no new rights, only confirm those already in existence. Kinder vs. Lyons, 38 An. 713; Thomas vs. Guilham, 35 An. 927; Succession of Anderson, 38 An. 581.
But we know of no case in which we have held that a mortgage as well as the note secured, was merged in a judgment in personam, recognizing its existence and making it executory.
Counsel for appellee, with perfect confidence, cites us to what our immediate predecessors said on a kindred question, in Watson vs. Bondurant, 30 An. 70, viz:
“If the mortgagee, instead of proceeding via exeeutiva in rem against the property, elects to sue his debtor in personam, and to attempt to enforce his judgment by execution via ordinaria, the pact. de non alienando will not enable him to seize the mortgaged px*opex’ty in the hands of a third possessor claiming the ownership.
“He must exhaust his remedy against property subject to seizure under the writ of fieri facias; and, failing to obtain satisfaction by *156 this means, he can reach the mortgaged pi'operty only .by an action, the regular hypothecary action of our law, against the third possessor. ’ ’
Prom that expression, counsel deduces the conclusion that it was based on the theory that the mortgage was merged in the judgment, and, thereafter, it was not susceptible of separate inforeement, for that reason. But in a more recent ease, which appears to have escaped counsel’s attention, this court held, after deliberate consideration of the question, that a mortgage creditor is entitled to executory process against his mortgagor, or against his transferee of the hypothecated property, notwithstanding the fact he has procured judgment against the mortgagor on the mortgage notes.
“ The fact,” say the court, “ that he (the mortgagee) had obtained a recognition of his mortgage by judgment against the original debtor, if it did not enlarge, certainly could not diminish, his rights against the third possessor of the thing mortgaged.” Montijo vs. Gordy, 33 An. 1113.
On the original hearing of that case the court maintained and perpetuated an njuncbion restraining the seizure and sale, on the ground that it was “ illegal, null and void and unwarranted by law;” but on the rehearing a contrary opinion was announced. We are, therefore, safe in concluding that it was deliberately expressed, and regard it as being perfectly conclusive against plaintiff’s theory of a judgment merging the mortgage as well as the note it secures.
While it is perfectly true that a judgment does merge and extinguish a note, draft, obligation or other evidence of a debt, it does not follow that it has that effect in respect to mortgages or privileges securing the payment of a debt.
The rank of mortgages and privileges is one of their most essential elements, and necessarily so, because it is that which determines the right of one or more creditors to a priority in receiving payment from the proceeds of the thing on which their respective liens exist. It is for the special purpose of enabling a creditor to preserve the rank of his mortgage and his priority in payment that the Code declares that the inscription must be renewed “in the manner in which it was first made.” R. O. O. 3369.
The rank oh mortgages is determined by the date on which they are first recorded.
R. O. O. 3329. Reinscription maintains their rank in perpetuity. If, then, it be conceded that a judgment merges the mortgage, wliat *157 becomes of its rank? For, if there is a merger, it is complete, and creditors and third persons would have to consult the judgment and not the act of mortgage.
In Miltenberger vs. Dubroca, 34 An. 313, we held the registry of a judgment rendered on a mortgage note to be insufficient as a reinscription of a mortgage, because the judgment did not contain, and when registered did not convey all the necessary information for the purpose of the reinscription.
“ The judgment,” say the court, “ sufficiently describes the property, but fails to mention the name of the officer who passed the act, or the date of the act, or of its original registry,"or the name of the original mortgagee, or the total amount for which the mortgage was given.” Hart vs. Caffrey, 39 An. 894.
If, in law, the mere rendition of a judgment effected the merger of the mortgage', what difference could there be if such recitals were wanting? But as we held that their absence from the judgment rendered its registry unavailing for the purposes of reinscription, the conclusion is irresistible that the sufficiency of such a reinscription depends solely on the sufficiency of the recital of the judgment and not on its existence. We doubt not that if a judgment contained a full description of the mortgage in every essential particular, its registry would amount to a reinscription — not for the reason that such a judgment was a merger of the mortgage, but because this mode is recognized as an adequate one for the preservation of the mortgage.
It is our opinion that the original mortgage acts continued after the judgment to evidence the mortgagee’s rights, and that same were not merged in the judgment Payne obtained on the mortgage notes, and that the reinscription of those acts was the proper mode of preserving same and had full effect as to the plaintiff.
The judgment appealed from is erroneous and must be reversed.
It is therefore ordered and decreed that the judgment appealed from be and the same is reversed; and it is now further ordered and decreed that plaintiff’s demands be rejected at his costs in both courts.
Justice Fenner recuses himself on the ground of relationship to Payne, defendant.